UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | | |
|---|---|---|
| JESSE LOBATO, | ) | No. CV 19-10312-VBF (PLA) |
| Petitioner, | ) | |
| v. | ) | **ORDER TO SHOW CAUSE RE: DISMISSAL OF HABEAS PETITION** |
| SAN BERNARDINO COUNTY, <u>et</u> <u>al.</u>, | ) | |
| Respondents. | ) | |

Jesse Lobato ("petitioner") initiated this action on December 5, 2019, by filing a Petition for Writ of Habeas Corpus ("Petition"). The cover page of the Petition cites to both 28 U.S.C. § 2254, the habeas statute applicable to state prisoners seeking to challenge a state court judgment, and 42 U.S.C. § 1983, which applies to civil rights actions. (ECF No. 1 at 1). Petitioner states that he has been charged with carjacking (Cal. Penal Code § 215(a)), and being a felon in possession of a firearm (Cal. Penal Code § 29800(a)(1)), and that his criminal proceeding in the San Bernardino County Superior Court is "still pending." (ECF No. 1 at 2[1]).

---

[1] Petitioner filed two documents on December 5, 2019. The first document, the Petition, was docketed as ECF No. 1. The second document, entitled "Actual Malice: A Liability in Connection with a Cause of Action . . .," was docketed as ECF No. 2. For purposes of this Order, the Court considers both filings when reviewing petitioner's claims.

A search of the San Bernardino County Inmate Locator website shows that, in Case No. FWV18002049 in the San Bernardino County Superior Court, petitioner has been charged with the crimes referenced in the Petition -- carjacking and being a felon in possession of a firearm -- as well as the crime of unlawful possession of ammunition (Cal. Penal Code § 30305(a)(1)). He is currently incarcerated at the Central Detention Center in San Bernardino, and his next court date is scheduled for February 4, 2020, in the superior court. (See San Bernardino County Inmate Locator website at http://web.sbcounty.gov/sheriff/bookingsearch).

In the instant Petition, petitioner asserts the following claims: his attorney has provided ineffective assistance in violation of the Sixth Amendment (ECF No. 1 at 3); respondents, acting under color of state law, have framed petitioner for crimes he did not commit by ignoring exculpatory evidence and tampering with evidence (id. at 4); the video surveillance evidence shows that he does not look like the suspect (ECF No. 2 at 1-2); his confession was coerced as a result of an "excessive malicious interrogation" (id. at 10); a police officer has changed his sworn testimony (id. at 11); and the identification of petitioner as the suspect was unreliable because officers used a suggestive six-pack photographic lineup (id. at 11). As relief, petitioner apparently seeks an order from the Court barring the superior court from violating petitioner's due process and fair trial rights, and ordering the superior court to "exercise proper criminal procedure." (Id. at 15). As set forth below, the Petition has several defects that subject it to dismissal.

**A.    EXHAUSTION OF AVAILABLE STATE COURT REMEDIES**

As a threshold matter, petitioner is considered a pretrial detainee because he has not yet been convicted and sentenced in Case No. FWV18002049. Accordingly, any habeas claims concerning his criminal case would fall under 28 U.S.C. § 2241, and not § 2254. Section 2241 empowers a federal court to grant habeas relief to a pretrial detainee held "in custody in violation of the Constitution." 28 U.S.C. § 2241(c)(3); see also McNeely v. Blanas, 336 F.3d 822, 824 n.1 (9th Cir. 2003); White v. Lambert, 370 F.3d 1002, 1006 (9th Cir. 2004) ("[T]he general grant of habeas authority in § 2241 is available for challenges by a state prisoner who is not in custody pursuant to a state court judgment -- for example, a defendant in pre-trial detention[.]"), overruled

on other grounds by <u>Hayward v. Marshall</u>, 603 F.3d 546 (9th Cir. 2010) (en banc), <u>overruled on other grounds by</u> <u>Swarthout v. Cooke</u>, 562 U.S. 216, 131 S.Ct. 859, 178 L.Ed.2d 732 (2011).

Although exhaustion under § 2241 is not a jurisdictional prerequisite, federal courts require, "as a prudential matter, . . . that habeas petitioners exhaust all available judicial and administrative remedies before seeking relief under § 2241." <u>Ward v. Chavez</u>, 678 F.3d 1042, 1045 (9th Cir. 2012). To complete the exhaustion procedure, a petitioner's contentions must be fairly presented to the state supreme court even if that court's review is discretionary. <u>O'Sullivan v. Boerckel</u>, 526 U.S. 838, 845-47, 119 S.Ct. 1728, 144 L.Ed.2d 1 (1999); <u>James v. Giles</u>, 221 F.3d 1074, 1077, n.3 (9th Cir. 2000). Moreover, a claim has not been fairly presented unless the petitioner has described in the state court proceedings both the operative facts and the federal legal theory on which the claim is based. See <u>Duncan v. Henry</u>, 513 U.S. 364, 365-66, 115 S.Ct. 887, 130 L.Ed.2d 865 (1995); <u>Picard v. Connor</u>, 404 U.S. 270, 275-78, 92 S.Ct. 509, 30 L.Ed.2d 438 (1971); <u>Johnson v. Zenon</u>, 88 F.3d 828, 830 (9th Cir. 1996).

Petitioner has the burden of demonstrating that exhaustion was completed. See, e.g., <u>Brown v. Cuyler</u>, 669 F.2d 155, 158 (3d Cir. 1982). Here, there is no indication that he has presented *any* of his claims to the California Supreme Court. Accordingly, the Petition is subject to dismissal without prejudice as unexhausted.

**B.   ABSTENTION**

The Petition challenges various aspects of petitioner's pending state proceeding. Indeed, as relief, petitioner even asks the Court to order the state superior court to follow proper criminal procedure and ensure that petitioner's constitutional rights are not being infringed with respect to his prosecution. Because petitioner's state criminal case is ongoing, the Petition is subject to dismissal pursuant to the abstention doctrine announced in <u>Younger v. Harris</u>, 401 U.S. 37, 43-54, 91 S.Ct. 746, 27 L.Ed.2d 669 (1971).

The <u>Younger</u> case established a "strong federal policy against federal-court interference with pending state judicial proceedings absent extraordinary circumstances." <u>King v. County of Los Angeles</u>, 885 F.3d 548, 559 (9th Cir. 2018) (quoting <u>Middlesex County Ethics Comm. v.</u>

Garden State Bar Ass'n, 457 U.S. 423, 431, 102 S.Ct. 2515, 73 L.Ed.2d 116 (1982)). Younger and its progeny are based on the interests of comity and federalism that counsel federal courts to maintain respect for state functions and not unduly interfere with the state's good faith efforts to enforce its own laws in its own courts. Middlesex County Ethics Comm., 457 U.S. at 431; Dubinka v. Judges of Superior Ct. of the State of Cal., County of L.A., 23 F.3d 218, 223 (9th Cir. 1994). The Younger rationale applies throughout appellate proceedings as well, requiring that state appellate review of a conviction be exhausted before federal court intervention is permitted. Huffman v. Pursue, Ltd., 420 U.S. 592, 607-11, 95 S.Ct. 1200, 43 L.Ed.2d 482 (1975); Dubinka, 23 F.3d at 223 (stating that even if the trial is complete at the time of the abstention decision, state court proceedings are still considered pending).

Younger abstention is appropriate when the following factors are satisfied: "(1) there is an ongoing state judicial proceeding; (2) the proceeding implicate[s] important state interests; (3) there is an adequate opportunity in the state proceedings to raise constitutional challenges; and (4) the requested relief seek[s] to enjoin or has the practical effect of enjoining the ongoing state judicial proceeding." Arevalo v. Hennessy, 882 F.3d 763, 765 (9th Cir. 2018) (citation and internal quotations omitted). But "even if Younger abstention is appropriate, federal courts do not invoke it if there is a showing of bad faith, harassment, or some other extraordinary circumstance that would make abstention inappropriate." Page v. King, 932 F.3d 898, 902 (9th Cir. 2019) (citations and internal quotations omitted).

Here, the criteria for abstention are present. First, petitioner's state criminal proceedings are ongoing, as petitioner is in custody apparently awaiting trial on the criminal charges for which he is being detained. It is generally not appropriate for a federal court to intercede at such a time. See Drury v. Cox, 457 F.2d 764, 764-65 (9th Cir. 1972) ("[O]nly in the most unusual circumstances is a defendant entitled to have federal interposition by way of injunction or habeas corpus until after the jury comes in, judgment has been appealed from and the case concluded in the state courts."). Second, the pending prosecution implicates important state interests, in particular California's interest in the order and integrity of its criminal proceedings. See Kelly v. Robinson, 479 U.S. 36, 49, 107 S.Ct. 353, 93 L.Ed.2d 216 (1986) ("[T]he States' interest in administering

their criminal justice systems free from federal interference is one of the most powerful of the considerations that should influence a court considering equitable types of relief."). Third, petitioner has an adequate opportunity to raise his habeas claims in his state proceedings, including his trial and, if applicable, through state appellate review. See Penzoil Co. v. Texaco, Inc., 481 U.S. 1, 15, 107 S.Ct. 1519, 95 L.Ed.2d 1 (1987) (a federal court should assume that state procedures will afford an adequate opportunity for consideration of constitutional claims "in the absence of unambiguous authority to the contrary"). The fourth Younger factor is also satisfied, as granting habeas relief would require the Court to significantly interfere with, or in effect enjoin, the pending state prosecution against petitioner.

Once the Younger criteria are met, abstention is required unless there is a showing of bad faith or harassment, or there are extraordinary circumstances where irreparable injury can be shown. See Page, 932 F.3d at 902. Here, petitioner's brief and conclusory allegations of wrongdoing do not establish the sort of "proven harassment or prosecution[ ] undertaken by state officials in bad faith without hope of obtaining a valid conviction" that would warrant federal court intervention. See Perez v. Ledesma, 401 U.S. 82, 85, 91 S.Ct. 674, 27 L.Ed.2d 701 (1971). Because no allegations in the Petition suggest that petitioner's case would fall within any exception to Younger, the Court must abstain from considering petitioner's claims.

**C.    CIVIL RIGHTS CLAIMS**

As mentioned supra, petitioner in the Petition cites 42 U.S.C. § 1983 and alleges that respondents, acting "under the color of . . . state law," have framed him for crimes he did not commit and tampered with evidence. (ECF No. 1 at 1, 4). This allegation tracks the language of Section 1983, which provides in pertinent part that any person who, "under color of any [state] statute, . . . subjects . . . any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law[.]" 42 U.S.C. § 1983.

To the extent petitioner intends to pursue relief under Section 1983, he may not file a single action containing both habeas and civil rights claims. Although the Court has discretion to construe a habeas petition as a civil rights complaint, the Court declines to do so here for several reasons. Petitioner, through his purported civil rights claims, is asking the Court to interfere with his ongoing state court prosecution in the very manner that the Younger abstention doctrine seeks to prevent. Next, petitioner's allegations are too vague, conclusory, and unsupported to satisfy Rule 8 of the Federal Rules of Civil Procedure, which requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a)(2). Lastly, the Court notes that the filing fee for a habeas petition is $5, while the filing fee for a civil rights case is $350 plus an administrative fee of $50. Even if a prisoner is granted *in forma pauperis* status with respect to filing a civil rights action, the prisoner is still liable for *the full amount of the $350 filing fee*, by way of deductions from the prisoner's institutional account. See 28 U.S.C. § 1915(b)(1).[2] Thus, converting the instant Petition to a civil rights action would require petitioner to pay the larger filing fee, which he may not wish to do.

## D. CONCLUSION

Accordingly, petitioner is **ordered to show cause** why his Petition for Writ of Habeas Corpus should not be dismissed. To satisfy this Order to Show Cause, **no later than January 10, 2020**, petitioner must submit to the Court a response making clear his arguments, if any, as to why the Petition should not be dismissed (1) for lack of exhaustion, and/or (2) based on the Younger abstention doctrine. All facts relied upon by petitioner must be proved by testimony contained in a declaration signed under penalty of perjury pursuant to 28 U.S.C. § 1746, or in properly authenticated documents.

Alternatively, if petitioner agrees that the Petition should be dismissed without prejudice for either of the reasons discussed above, he may file a notice of voluntary dismissal pursuant to

---

[2] Under this section, the term "prisoner" includes anyone person incarcerated in any facility who is accused of a crime. 28 U.S.C. § 1915(h).

6

Federal Rule of Civil Procedure 41(a)(1) ("Rule 41").  Rule 41 allows for the voluntary dismissal of an action by a petitioner without prejudice and without a court order before the opposing party serves either an answer or a motion for summary judgment.  Fed. R. Civ. P. 41(a)(1); Hamilton v. Shearson-Lehman Am. Express, Inc., 813 F.2d 1532, 1534 (9th Cir. 1987).  Respondent has not yet appeared in this action.

The Court clerk is directed to send petitioner a copy of a blank Central District form titled "Notice of Dismissal Pursuant to Federal Rules of Civil Procedure 41(a) or (c)" along with this Order to Show Cause.

In the event petitioner seeks to file a separate civil rights action (as he may not file one action that includes both habeas and civil rights claims), the Court clerk is also directed to send him a blank Central District civil rights form along with this Order, as well as a Request to Proceed Without Prepayment of Filing Fees.

**Failure to respond to this Order by January 10, 2020, will result in the Petition being summarily dismissed for the reasons set forth above, and for failure to prosecute and follow court orders.**

DATED:  December 13, 2019

*Paul L. Abrams*

PAUL L. ABRAMS
UNITED STATES MAGISTRATE JUDGE