UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| JESSE LOBATO,<br><br>   Petitioner,<br><br>  v.<br><br>SAN BERNARDINO COUNTY, et al.,<br><br>   Respondents. | No. LA CV 19-10312-VBF (PLA)<br><br>**ORDER DISMISSING PETITION WITHOUT PREJUDICE** |

**I.**

**BACKGROUND**

Jesse Lobato ("petitioner") initiated this action on December 5, 2019, by filing a Petition for Writ of Habeas Corpus ("Petition"). The cover page of the Petition cites to both 28 U.S.C. § 2254, the habeas statute applicable to state prisoners seeking to challenge a state court judgment, and 42 U.S.C. § 1983, the statute that applies to civil rights actions against state actors. (ECF No. 1 at 1). Petitioner states that he has been charged with carjacking (Cal. Penal Code § 215(a)), and

being a felon in possession of a firearm (Cal. Penal Code § 29800(a)(1)), and that his criminal proceeding in the San Bernardino County Superior Court is "still pending." (ECF No. 1 at 2[1]).

A search of the San Bernardino County Inmate Locator website shows that, in Case No. FWV18002049 in the San Bernardino County Superior Court, petitioner has been charged with the crimes referenced in the Petition -- carjacking and being a felon in possession of a firearm -- as well as the crime of unlawful possession of ammunition (Cal. Penal Code § 30305(a)(1)). He is currently incarcerated at the Central Detention Center in San Bernardino, and his next court date is scheduled for February 14, 2020, in the superior court. (See San Bernardino County Inmate Locator website at http://web.sbcounty.gov/sheriff/bookingsearch).

In the instant Petition, petitioner asserts the following claims: his attorney has provided ineffective assistance in violation of the Sixth Amendment (ECF No. 1 at 3); respondents, acting under color of state law, have framed petitioner for crimes he did not commit by ignoring exculpatory evidence and tampering with evidence (id. at 4); the video surveillance evidence shows that he does not look like the suspect (ECF No. 2 at 1-2); his confession was coerced as a result of an "excessive malicious interrogation" (id. at 10); a police officer has changed his sworn testimony (id. at 11); and the identification of petitioner as the suspect was unreliable because officers used a suggestive six-pack photographic lineup (id. at 11). As relief, petitioner apparently seeks an order from the Court barring the superior court from violating petitioner's due process and fair trial rights, and ordering the superior court to "exercise proper criminal procedure." (Id. at 15).

On December 13, 2019, the Magistrate Judge issued an Order to Show Cause ("OSC"), informing petitioner that the Petition was defective and subject to dismissal for failure to exhaust state remedies, and based on the abstention doctrine set forth in Younger v. Harris, 401 U.S. 37, 43-54, 91 S.Ct. 746, 27 L.Ed.2d 669 (1971). Petitioner was ordered to respond to the OSC by January 10, 2020, with his arguments, if any, as to why the Petition should not be dismissed for

---

[1] Petitioner filed two documents on December 5, 2019. The first document, the Petition, was docketed as ECF No. 1. The second document, entitled "Actual Malice: A Liability in Connection with a Cause of Action . . .," was docketed as ECF No. 2. For purposes of this Order, the Court considers both filings when reviewing petitioner's claims.

2

these reasons. (ECF No. 4). On January 10, 2020, petitioner filed a purported response to the OSC that consisted of a copy of the same defective Petition that he previously filed in this action, and a copy of another document he previously filed, titled "Actual Malice: A Liability in Connection with a Cause of Action . . . ." (See ECF Nos. 1, 2, 5). Because petitioner did not submit any new arguments or allegations in his response, the Magistrate Judge issued an Order extending the time to January 27, 2020, for petitioner to file an additional response to the OSC that explains why the Petition should not be dismissed. (ECF No. 6). In both the OSC and subsequent Order extending the OSC response deadline to January 27, 2020, petitioner was warned that the failure to comply would result in the Petition being summarily dismissed for the additional reasons of failure to prosecute and follow court orders. (ECF Nos. 4, 6).

On January 27, 2020, petitioner filed a request to proceed in forma pauperis, which was granted. (ECF Nos. 8, 9). To date, however, he has not filed an additional response to the OSC.

## II.

## DISCUSSION

### A. EXHAUSTION OF AVAILABLE STATE COURT REMEDIES

As a threshold matter, petitioner is considered a pretrial detainee because he has not yet been convicted and sentenced in Case No. FWV18002049. Accordingly, any habeas claims concerning his criminal case would fall under 28 U.S.C. § 2241, and not § 2254. Section 2241 empowers a federal court to grant habeas relief to a pretrial detainee held "in custody in violation of the Constitution." 28 U.S.C. § 2241(c)(3); see also McNeely v. Blanas, 336 F.3d 822, 824 n.1 (9th Cir. 2003); White v. Lambert, 370 F.3d 1002, 1006 (9th Cir. 2004) ("[T]he general grant of habeas authority in § 2241 is available for challenges by a state prisoner who is not in custody pursuant to a state court judgment -- for example, a defendant in pre-trial detention[.]"), overruled on other grounds by Hayward v. Marshall, 603 F.3d 546 (9th Cir. 2010) (en banc).

Although exhaustion under § 2241 is not a jurisdictional prerequisite, federal courts require, "as a prudential matter, . . . that habeas petitioners exhaust all available judicial and administrative remedies before seeking relief under § 2241." Ward v. Chavez, 678 F.3d 1042, 1045 (9th Cir.

2012). To complete the exhaustion procedure, a petitioner's contentions must be fairly presented to the state supreme court even if that court's review is discretionary. O'Sullivan v. Boerckel, 526 U.S. 838, 845-47, 119 S.Ct. 1728, 144 L.Ed.2d 1 (1999); James v. Giles, 221 F.3d 1074, 1077, n.3 (9th Cir. 2000). Moreover, a claim has not been fairly presented unless the petitioner has described in the state court proceedings both the operative facts and the federal legal theory on which the claim is based. See Duncan v. Henry, 513 U.S. 364, 365-66, 115 S.Ct. 887, 130 L.Ed.2d 865 (1995); Picard v. Connor, 404 U.S. 270, 275-78, 92 S.Ct. 509, 30 L.Ed.2d 438 (1971); Johnson v. Zenon, 88 F.3d 828, 830 (9th Cir. 1996).

Petitioner has the burden of demonstrating that exhaustion was completed. See, e.g., Brown v. Cuyler, 669 F.2d 155, 158 (3d Cir. 1982). Here, there is no indication that he has presented *any* of his claims to the California Supreme Court. Accordingly, dismissal of the Petition for lack of exhaustion is appropriate.

**B.    ABSTENTION**

The Petition challenges various aspects of petitioner's pending state proceeding. Indeed, as relief, petitioner even asks the Court to order the state superior court to follow proper criminal procedure and ensure that petitioner's constitutional rights are not being infringed with respect to his prosecution. Because petitioner's state criminal case is ongoing, the Petition is subject to dismissal pursuant to the abstention doctrine announced in Younger v. Harris, 401 U.S. 37, 43-54, 91 S.Ct. 746, 27 L.Ed.2d 669 (1971).

The Younger case established a "strong federal policy against federal-court interference with pending state judicial proceedings absent extraordinary circumstances." King v. County of Los Angeles, 885 F.3d 548, 559 (9th Cir. 2018) (quoting Middlesex County Ethics Comm. v. Garden State Bar Ass'n, 457 U.S. 423, 431, 102 S.Ct. 2515, 73 L.Ed.2d 116 (1982)). Younger and its progeny are based on the interests of comity and federalism that counsel federal courts to maintain respect for state functions and not unduly interfere with the state's good faith efforts to enforce its own laws in its own courts. Middlesex County Ethics Comm., 457 U.S. at 431; Dubinka v. Judges of Superior Ct. of the State of Cal., County of L.A., 23 F.3d 218, 223 (9th Cir.

1994). The Younger rationale applies throughout appellate proceedings as well, requiring that state appellate review of a conviction be exhausted before federal court intervention is permitted. Huffman v. Pursue, Ltd., 420 U.S. 592, 607-11, 95 S.Ct. 1200, 43 L.Ed.2d 482 (1975); Dubinka, 23 F.3d at 223 (stating that even if the trial is complete at the time of the abstention decision, state court proceedings are still considered pending).

Younger abstention is appropriate when the following factors are satisfied: "(1) there is an ongoing state judicial proceeding; (2) the proceeding implicate[s] important state interests; (3) there is an adequate opportunity in the state proceedings to raise constitutional challenges; and (4) the requested relief seek[s] to enjoin or has the practical effect of enjoining the ongoing state judicial proceeding." Arevalo v. Hennessy, 882 F.3d 763, 765 (9th Cir. 2018) (citation and internal quotations omitted). But "even if Younger abstention is appropriate, federal courts do not invoke it if there is a showing of bad faith, harassment, or some other extraordinary circumstance that would make abstention inappropriate." Page v. King, 932 F.3d 898, 902 (9th Cir. 2019) (citations and internal quotations omitted).

All of the Younger criteria are satisfied in this case. First, petitioner's state criminal proceedings are ongoing, as petitioner is in custody apparently awaiting trial on the criminal charges for which he is being detained. It is generally not appropriate for a federal court to intercede at such a time. See Drury v. Cox, 457 F.2d 764, 764-65 (9th Cir. 1972) ("[O]nly in the most unusual circumstances is a defendant entitled to have federal interposition by way of injunction or habeas corpus until after the jury comes in, judgment has been appealed from and the case concluded in the state courts."). Second, the pending prosecution implicates important state interests, in particular California's interest in the order and integrity of its criminal proceedings. See Kelly v. Robinson, 479 U.S. 36, 49, 107 S.Ct. 353, 93 L.Ed.2d 216 (1986) ("[T]he States' interest in administering their criminal justice systems free from federal interference is one of the most powerful of the considerations that should influence a court considering equitable types of relief."). Third, petitioner has an adequate opportunity to raise his habeas claims in his state proceedings, including his trial and, if applicable, through state appellate

review. See Penzoil Co. v. Texaco, Inc., 481 U.S. 1, 15, 107 S.Ct. 1519, 95 L.Ed.2d 1 (1987) (a federal court should assume that state procedures will afford an adequate opportunity for consideration of constitutional claims "in the absence of unambiguous authority to the contrary"). The fourth Younger factor is also satisfied, as granting habeas relief would require the Court to significantly interfere with, or in effect enjoin, the pending state prosecution against petitioner.

Once the Younger criteria are met, abstention is required unless there is a showing of bad faith or harassment, or there are extraordinary circumstances where irreparable injury can be shown. See Page, 932 F.3d at 902. Here, petitioner's brief and conclusory allegations of wrongdoing do not establish the sort of "proven harassment or prosecution[ ] undertaken by state officials in bad faith without hope of obtaining a valid conviction" that would warrant federal court intervention. See Perez v. Ledesma, 401 U.S. 82, 85, 91 S.Ct. 674, 27 L.Ed.2d 701 (1971). Because no allegations in the Petition suggest that petitioner's case would fall within any exception to Younger, the Court must abstain from considering petitioner's claims while his state court proceedings are ongoing.[2]

## C. FAILURE TO PROSECUTE AND TO FOLLOW COURT ORDERS

It is well established that a district court has authority to dismiss a petitioner's action because of his or her failure to prosecute or to comply with court orders. See Fed. R. Civ. P. 41(b); Link v. Wabash R.R. Co., 370 U.S. 626, 629-30, 82 S.Ct. 1386, 8 L.Ed.2d 734 (1962) (holding that a court's authority to dismiss for lack of prosecution is necessary to prevent undue delays in the

---

[2] The Magistrate Judge in the OSC also noted that the Petition appears to raise several civil rights claims pursuant to Section 1983, but declined to construe the Petition as a civil rights complaint. (See ECF No. 4 at 5-6 (explaining that the civil rights claims would likely be barred by Younger, and petitioner would be required to pay the $350 filing fee if the Petition were construed as a civil rights complaint, even if he were granted in forma pauperis status).
On January 13, 2020, in Case No. CV 20-72-VBF (PLA), petitioner filed a Civil Rights Complaint and a Request to Proceed Without Prepayment of Filing Fees ("Request"). (See Case No. CV 20-72, ECF Nos. 1, 2). On January 21, 2020, the Court denied petitioner's Request with leave to amend. (See id., ECF No. 5-1). According to the denial, petitioner has thirty days to re-submit his Request and Complaint, along with a certified trust account statement and disbursement authorization, to avoid having his case dismissed. (Id.). To date, petitioner has not filed anything in response to the denial of his Request.

6

disposition of pending cases and to avoid congestion in the calendars of the district courts); Ferdik v. Bonzelet, 963 F.2d 1258, 1260 (9th Cir. 1992) (holding that a district court may dismiss an action for failure to comply with any order of the court).

In determining whether to dismiss this action due to petitioner's failure to prosecute or comply with court orders, the Court must consider the following five factors: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the respondents; (4) the public policy favoring disposition of cases on their merits[;] and (5) the availability of less drastic sanctions." Carey v. King, 856 F.2d 1439, 1440 (9th Cir. 1988) (per curiam) (internal quotation marks and citation omitted); see also In re Eisen, 31 F.3d 1447, 1451 (9th Cir. 1994) (failure to prosecute); Ferdik, 963 F.2d at 1260-61 (failure to comply with court orders).

The first two factors -- the public's interest in expeditious resolution of litigation and the Court's need to manage its docket -- weigh in favor of dismissal. Petitioner's failure to file a response to the OSC that addressed the issues of exhaustion and abstention, despite being given ample opportunity to do so, hinders the Court's ability to move this case toward disposition and indicates that petitioner does not intend to litigate this action diligently.

The third factor -- prejudice to respondent -- weighs in favor of dismissal. A rebuttable presumption of prejudice to respondents arises when a petitioner unreasonably delays prosecution of an action. Eisen, 31 F.3d at 1452-53. Nothing suggests that such a presumption is unwarranted in this case.

The fourth factor -- public policy in favor of deciding cases on their merits -- weighs against dismissal. But it is petitioner's responsibility to move his case toward a disposition at a reasonable pace and to avoid dilatory and evasive tactics. See Morris v. Morgan Stanley Co., 942 F.2d 648, 652 (9th Cir. 1991). By failing to address the issues of exhaustion and abstention, as ordered by the Magistrate Judge, petitioner has not discharged this responsibility. In these circumstances, the public policy favoring resolution of disputes on the merits does not outweigh petitioner's failure to comply with court orders.

The fifth factor -- availability of less drastic sanctions -- weighs in favor of dismissal. Petitioner's initial response to the OSC consisted of a copy of the defective Petition and a copy of another document he previously filed. Neither document addressed exhaustion or abstention. As of the date of this Order, petitioner has failed to file any additional response to the OSC that explains why he believes the Petition should not be dismissed, and the deadline for doing so has passed. Moreover, the Court notes that dismissal of a habeas petition pursuant to the abstention doctrine does not bar federal habeas review; rather, such review is delayed until a later petition is properly filed *after* the state court proceedings have concluded.

Taking all of the above factors into account, dismissal for failure to prosecute and follow court orders is appropriate. Such a dismissal, however, should not be entered unless petitioner has been notified that dismissal is imminent. See West Coast Theater Corp. v. City of Portland, 897 F.2d 1519, 1523 (9th Cir. 1990). In this case, petitioner was cautioned about the possibility of dismissal in the Magistrate Judge's OSC, and in the Magistrate Judge's subsequent Order extending the time to January 27, 2020, for petitioner to file an additional response to the OSC. (ECF Nos. 4, 6).

### III.
### **CERTIFICATE OF APPEALABILITY**

A petitioner may not appeal a final order in a federal habeas corpus proceeding without first obtaining a certificate of appealability ("COA"). See 28 U.S.C. § 2253©; Fed. R. App. P. 22(b). A COA may issue "only if . . . [there is] a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A "substantial showing . . . includes showing that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" Slack v. McDaniel, 529 U.S. 473, 484, 120 S.Ct. 1595, 146 L.Ed.2d 542 (2000) (citation omitted); see also Sassounian v. Roe, 230 F.3d 1097, 1101 (9th Cir. 2000). "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when . . . jurists of reason

would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Id. at 484.

Here, petitioner has not made a substantial showing that he was deprived of a constitutional right. Furthermore, reasonable jurists would find that the Court correctly determined that the Petition should be dismissed as unexhausted, for failure to prosecute and follow court orders, and pursuant to the Younger abstention doctrine. Accordingly, a certificate of appealability is **denied**.

## IV.
## CONCLUSION

IT IS THEREFORE ORDERED that the Petition is **dismissed without prejudice** based on petitioner's failure to exhaust, the Younger abstention doctrine, and petitioner's failure to prosecute and follow court orders. A certificate of appealability is also denied.

Dated: March 11, 2020

*Valerie Baker Fairbank*

HONORABLE VALERIE BAKER FAIRBANK
SENIOR UNITED STATES DISTRICT JUDGE